IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MICHAEL J. POWELL, :
:
      Plaintiff :
:
VS. :
:
SEMINOLE COUNTY JAIL, : NO. 1:9-CV-164 (WLS)
:
      Defendant : **O R D E R**

      Plaintiff **MICHAEL J. POWELL**, an inmate at the Southwest Probation Detention Center in Moultrie, Georgia, has submitted a handwritten 42 U.S.C. § 1983 civil rights complaint.

      Without passing judgment on the ultimate merits of plaintiff's claims, the Court observes that the plaintiff has failed to present his claims on the standard 42 U.S.C. § 1983 form required by this Court. Nor has the plaintiff provided the Court with a complete affidavit of indigency. Accordingly, before the Court will consider any of plaintiff's claims, it is first necessary for plaintiff to submit the following: (1) a completed 42 U.S.C. §1983 form; (2) a completed certificate signed by an authorized institutional officer regarding the current balance in his inmate account; and (3) a copy of his inmate trust fund balance for the six-month period preceding the filing of the instant action certified by an authorized institutional officer.

      Plaintiff is advised that the Seminole County Jail is not a proper defendant. ***See, e.g., Waller v. Horn,*** No. 5:06-cv-114 (WDO), 2006 WL 1582413, at *2 (M.D. Ga. June 6, 2006) (holding the Putnam County Jail is a nonsuable entity under section 1983). Therefore, in completing the Court's section 1983 form, plaintiff is instructed to name as defendants herein all specific individuals whom he contends were responsible for the alleged mistreatment set forth in his complaint. With each named defendant, plaintiff should explain the actions taken by such individual or the duties he or she failed to perform. Plaintiff is advised that mere negligence on the part of prison officials resulting in injury to an inmate under their care does not constitute a constitutional violation. ***Daniels v. Williams***, 106 S. Ct. 662 (1986). Therefore, plaintiff may wish to file case alleging negligence in the state courts of Georgia.

Plaintiff shall have until **DECEMBER 3, 2009** to provide the above information. Plaintiff is advised that failure to submit a new complaint form with properly named defendants, pay the filing fee, or submit the required affidavit of indigency may result in dismissal of this action. There shall be no service of process until further order of the Court.

The Clerk of Court is **DIRECTED** to forward the appropriate section 1983 forms and financial affidavit (with the civil action number written on them) to the plaintiff together with a copy of this order.

**SO ORDERED**, this 5th day of November, 2009.



s/ *Claude W. Hicks, Jr.*
CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE